UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD JOB GAMES BILISM YAZILIM VE PAZARLAMA A., <br><br>Plaintiff, <br><br>v. <br><br>SAYGAMES LLC, <br><br>Defendant. | Case No. 19-cv-07916-EMC <br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT** <br><br>Docket No. 33 |

    This Court previously granted Defendant SayGames LLC's ("SG") motion to dismiss Plaintiff Good Job Games Bilism Yazilim Ve Pazarlama A.S.'s ("GJG") copyright complaint for lack of personal jurisdiction and denied GJG's request for leave to conduct jurisdictional discovery. Docket No. 30 ("Dismissing Order"). GJG now moves to alter that order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Docket No. 33 ("Mot."). GJG's factual allegations were previously summarized in the Dismissing Order; therefore, the Court will not reproduce them herein.

    For the reasons discussed below, the Court **DENIES** GJG's motion.

## I.    LEGAL STANDARD

    The Ninth Circuit has recognized that there are four basic grounds upon which a Rule 59(e) motion to alter or amend judgment may be granted. Those grounds are the following:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The party moving for relief has

the burden of showing that an amendment is appropriate. *See Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (stating that Rule 59(e) motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances"); *see also Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (stating that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

Federal Rule of Civil Procedure 60(b) permits relief from a judgment or order for, among other things, "mistake," "newly discovered evidence" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

## II.    DISCUSSION

GJG seeks to alter the judgment on two grounds: (1) discovery of new evidence that was previously unavailable; and (2) manifest error of fact. Specifically, GJG argues that SG made representations in another pending matter that are inconsistent with this Court's jurisdictional conclusion. Further, GJG argues that this Court erred when it considered 30% of SG's ***sales*** come from the United States, rather than the appropriate figure—30% of SG's ***downloads***.

A.    Newly Provided Evidence

In support of its motion, GJG presents the Court with prelitigation correspondence from another pending matter in which SG is a defendant. Before litigation in *Voodoo SAS v. SayGames LLC*, Case No. 5:19-cv-07480-BLF (N.D. Cal.) commenced, SG responded to Voodoo in a letter arguing that the dispute was not subject to French law and was, instead, subject to U.S. copyright law because of Voodoo's decision to file an infringement claim with Apple, Inc.'s headquarters in the United States. Docket No. 34 ("Kelly Decl."), Ex. at A at 11. Moreover, in a subsequent letter, SG reaffirmed its position that "Voodoo picked this forum; it cannot avoid the effect of U.S. law by pretending the dispute somehow has no relationship to the United States." *Id*. at 12. GJG argues that this amounts to a concession from SG that Apple's headquarters in the United States bears more weight than this Court gave it when it found no California jurisdiction or nationwide personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2).

In response SG maintains that its position in *Voodoo SAS* does not speak to personal jurisdiction or forum in the United States; rather, it took the position that the applicable law was governed by U.S. copyright law. According to SG, these representations came in response to Voodoo's counsel in France filing a claim with Apple in the United States—but asserting that French law applied. SG argues that it never admitted that personal jurisdiction in *Voodoo* was appropriate in the United States.

This Court is not persuaded that the prelitigation letters written by SG in *Voodoo* constitute an admission that personal jurisdiction applies in this case (or in that case). A concession was to choice of law; choice of law is distinct from the question of personal jurisdiction. Indeed, SG ultimately sought dismissal in *Voodoo* for lack of personal jurisdiction, and that motion remains pending. *See Voodoo SAS v*, Case No. 5:19-cv-07480-BLF, Docket No. 22. Neither is the Court persuaded that these two newly-discovered letters give rise to a suspicion that granting GJG leave to conduct jurisdictional discovery would be fruitful. GJG has not made a colorable showing that the Court can exercise personal jurisdiction over SG.

B.  <u>Sales v. Downloads</u>

Alternatively, GJG argues that this Court conducted manifest error of fact when it conflated sales with downloads. Specifically, in denying that personal jurisdiction over SG was appropriate, this Court considered "of SG's total worldwide sales, only 30% of *Cannon Shot!* on the Apple App Store are from the United States." Dismissing Order at 8–9. This Court erred insofar as it presumed that *Cannon Shot!* and *Crazy Jump 3D* required a purchasing fee to download/play. Although not clear from the previous briefing on SG's motion to dismiss, upon further review of GJG's complaint, this Court erred. *See* Docket No. 1 ("Compl.") at ¶ 19 ("Good Job Games makes *Crazy Jump 3D **free to download and free to play***.") (emphasis added). However, this error does not change this Court's jurisdictional analysis, nor does it constitute manifest error of fact.

The error is not material to the analysis and conclusion reached by this Court. GJG's allegation that only 30% of users who download SG's *Cannon Shot!* are in the United States still means that a significant majority—over two thirds—of the remaining downloads are overseas. As

3

1    SG correctly notes, the Dismissing Order clarified the meaning and context of "sales" in sentences
2    that immediately follow:

> Most of SG's Crazy Jump 3D ***downloads*** are from outside the United States.  There is no showing that of the U.S. ***downloads***, most are in California.  Indeed, of the 20,000 U.S. ***downloads*** of GJG's competing Crazy Jump 3D in the United States, only 1,700 are in California—representing only 8.5% of all U.S. ***downloads***. Nothing has been presented suggesting SG's ***downloads***, unlike GJG's, are concentrated in California.

*Id*. at 9 (emphasis added).

       To the extent that GJG continues to rely on the third-party advertisements that SG ran on *Cannon Shot!* (*e.g.*, ads involving Jennifer Lopez, NeNe Leakes, *Who Wants to Be a Millionaire?*, and various other videogames/shows in English) for targeting this forum, these were not directed at California.  And the allegation that SG receives 50% of its revenues from advertisements ran in the United States by third-party advertisers does not come close to the extreme examples of U.S.-related conduct on which other courts have relied in conferring Rule 4(k)(2) nationwide personal jurisdiction.  *Id*. at 12 (citing *Mwani v. bin Laden*, 417 F.3d 1, 12 (D.C. Cir. 2005) (terrorists attacks targeting the United States); *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004) (insurance company directly insuring insureds in the United States).  Nor are the third-party advertisements related to SG's alleged copyright-infringement activity.  *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1086 (C.D. Cal. 2003) ("there is no evidence that advertising gave rise to Plaintiff's claims, *i.e.*, that the advertising itself is a relevant contact for purposes of jurisdiction over the copyright claims.").[1]

///
///
///
///
///

---

[1] GJG also continues to identify Apple, Google, Facebook, AppLovin, and IronSource as important third-party witnesses in this dispute, all of whom are headquartered in California.  But GJG has not explained how these entities are indispensable for allegations pertaining to copyright violations.

### III. CONCLUSION

GJG has failed to meet its burden under Rule 59 to show that the Court committed manifest error of fact or under Rule 60(b) that newly-discovered evidence warrants altering the order and judgment. Accordingly, GJG's motion is **DENIED**.

This order disposes of Docket No. 33.

**IT IS SO ORDERED**.

Dated: June 22, 2020

_____
EDWARD M. CHEN
United States District Judge