| | |
|---|---|
| JENNIFER LLOYD KELLY (CSB NO. 193416) | Craig B. Whitney (SBN 217673) |
| jennifer@tyzlaw.com | Nicole Bergstrom (admitted pro hac vice) |
| RYAN TYZ (CSB NO. 234895) | FRANKFURT KURNIT KLEIN & SELZ, P.C. |
| ryan@tyzlaw.com | 28 Liberty Street, 35th Floor |
| CIARA N. MCHALE (CSB NO. 293308) | New York, New York 10005 |
| ciara@tyzlaw.com | Telephone: (212) 980-0120 |
| SEAN K. APPLE (CSB NO. 305692) | Facsimile: (212) 593-9175 |
| sapple@tyzlaw.com | cwhitney@fkks.com |
| TYZ LAW GROUP PC | nbergstrom@fkks.com |
| 4 Embarcadero Center, 14th Floor | |
| San Francisco, CA 94111 | Vishwanath Mohan (SBN 313759) |
| Telephone: 415.868.6900 | FRANKFURT KURNIT KLEIN & SELZ, P.C. |
| | 2029 Century Park East, Suite 2500N |
| | Los Angeles, CA 90067 |
| Attorneys for Plaintiff | Telephone: (310) 579-9600 |
| GOOD JOB GAMES BILISM YAZILIM | Facsimile: (310) 579-9650 |
| VE PAZARLAMA A.S. | vmohan@fkks.com |
| | |
| | Attorneys for Defendant |
| | SAYGAMES, LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOD JOB GAMES BILISM YAZILIM VE PAZARLAMA A.Ş. d/b/a GOOD JOB GAMES, a Turkish Corporation<br><br>Plaintiff,<br><br>v.<br><br>SAYGAMES, LLC, a Belarusian Business Entity,<br><br>Defendant. | Case No: 3:19-cv-07916-EMC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR REMOTE DEPOSITION PROCEDURE** |

# JOINT STIPULATION AND [PROPOSED] ORDER RELATED TO THE PROCEDURE FOR CONDUCTING REMOTE DEPOSITIONS

The Parties in the above-captioned matter, by and through their respective counsel, jointly stipulate to the following procedure for conducting remote depositions:

1. Depositions can be conducted remotely using videoconference technology ("Remote Depositions"), and each deponent shall be video recorded. Only the designated court reporter and videographer will be permitted to record the Remote Depositions.

2. The transcript and video records of any Remote Depositions taken pursuant to this stipulation may be used at a trial or hearing to the full extent that an in-person deposition transcript or video record may be used at trial or hearing, and the Parties agree not to object to the use of these records on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

3. The deponent, court reporter, and counsel for the Parties will each participate in the Remote Depositions remotely and separately. The deponent and his or her counsel shall each occupy separate rooms and shall not physically interact (only interacting remotely) during the Remote Deposition. For the avoidance of doubt, the deponent and his or her counsel may confer during lunch or other scheduled breaks when the parties are off the record. At any time when the Parties are on the record during a Remote Deposition, the witness, defending attorney, and questioning attorney shall all be visible to each other. Additionally, at any time when the parties are on the record, the statements of each person attending a Remote Deposition, regardless of their role, shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

4. The Parties will comply with Judge Chen's Civil Standing Order on Discovery, including Section 3.f. Given that the depositions will be conducted remotely, the Parties agree that deponents and their attorneys will not engage in any private communications through any means while the deponent is on the record, except for the sole purpose of determining whether a privilege should be asserted. Nothing in this paragraph shall bar outside counsel for the same

party from conferring with each other while the deponent is on the record; nor shall this paragraph prohibit deponents from conferring with their counsel while off the record.

5. The court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness remotely via the videoconference. The Parties agree not to challenge the validity of any oath administered by the remote court reporter, regardless of the location of the court reporter or the deponent, even if the court reporter is not a notary public in the state or country where the deponent resides or is located.

6. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. The Parties agree to work collaboratively and in good faith with the court reporting, videoconference, and remote deposition services provider(s) to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

7. The Parties agree that for any deposition of a deponent that requires language translation services, counsel taking the deposition will provide and cover the cost of such translation services and counsel for the deposed is permitted to have a separate check translator attend the deposition. For depositions noticed after the date of this Stipulation, the deponent must provide notice that translation services are required and identify the language within 10 days of receiving notice of a deposition. The noticing party's translator shall be the translator of record for the deposition. If a check translator objects to any portion of the official translation, the objection shall be stated simply for the record. The translator of record need not respond. All questions, answers, objections, and colloquy between counsel shall be translated for the witness; however, all counsel shall refrain from unnecessary colloquy and lengthy speaking objections so as not to obstruct the depositions. The Parties further agree that if a deposition for the purposes

of jurisdictional discovery require language translation, the total available time on the record allotted for such deposition shall be increased from four hours to five hours and thirty minutes. For any other deposition requiring language translation, the total available time on the record allotted for such deposition shall be increased from seven hours to ten hours, and the deposition may continue from day to day, excluding Sundays and holidays, until completed.

8. A Party may, at any time, initiate a meet and confer process with the other Party concerning changes or clarifications of this Stipulation.

Dated: May 13, 2022							TYZ LAW GROUP PC

								/s/ Sean Apple
								Sean Apple

								*Attorneys for Plaintiff*
								*Good Job Games Bilism Yazilim Ve*
								*Pazarlama A.S.*

Dated: May 13, 2022							FRANKFURT KURNIT KLEIN & SELZ, P.C.

								/s/ Craig B. Whitney
								Craig B. Whitney

								*Attorneys for Defendant*
								*SayGames, LLC*

SO ORDERED:
								_____
								The Honorable Edward M. Chen
								United States District Judge

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Sean Apple, attest that concurrence in the filing of this Joint Stipulation And [Proposed] Order for Remote Deposition Procedure has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct. Executed on May 13, 2022.

								/s/ Sean Apple
								Sean Apple