| | |
|---|---|
| 1 | JENNIFER LLOYD KELLY (CSB NO. 193416) |
|   | jennifer@tyzlaw.com |
| 2 | RYAN TYZ (CSB NO. 234895) |
|   | ryan@tyzlaw.com |
| 3 | CIARA N. MCHALE (CSB NO. 293308) |
|   | ciara@tyzlaw.com |
| 4 | SEAN K. APPLE (CSB NO. 305692) |
|   | sapple@tyzlaw.com |
| 5 | TYZ LAW GROUP PC |
|   | 4 Embarcadero Center, 14th Floor |
| 6 | San Francisco, CA 94111 |
|   | Telephone: 415.868.6900 |

Attorneys for Plaintiff
GOOD JOB GAMES BILISM YAZILIM VE PAZARLAMA A.S.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOD JOB GAMES BILISM YAZILIM VE PAZARLAMA A.Ş. d/b/a GOOD JOB GAMES, a Turkish Corporation | Case No: 3:19-cv-07916-EMC |
| | **GOOD JOB GAMES' OBJECTION TO REPLY EVIDENCE** |
| Plaintiff, | |
| v. | Date:       September 15, 2022 |
| | Time:       1:30 p.m. |
| SAYGAMES, LLC, a Belarusian Business Entity, and SAYGAMES LTD, a Cypriot Business Entity, | Courtroom:  5 |
| | Judge:       Hon. Edward M. Chen |
| Defendants. | Trial Date:  September 18, 2023 |

# OBJECTION TO REPLY EVIDENCE

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff Good Job Games objects to Exhibits 1 and 2 to the Reply Declaration of Craig B. Whitney in Support of Defendants' Motion to Dismiss Amended Complaint at Dkt. Nos. 88-1 and 88-2.

First, Good Job Games objects that these exhibits constitute "new evidence" and are impermissible in a reply because they should have been submitted with Defendants' initial motion. *See* Civil L.R. 7-3(d)(1) ("If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence."). Defendants referenced material from these exhibits in their original motion and stated that they intended to lodge these exhibits at some indeterminate time "at or before the hearing on this motion." Dkt. No. 75 n.4. But, as Good Job Games stated in its Opposition, Defendants "prevent[ed] any meaningful response by Good Job Games" by not submitting this evidence in their original motion. Dkt. Nos. 80 at 28 and 82-2 at 28. Despite having prepared one of the exhibits two years ago, Defendants now submit this evidence for the first time in reply. *See* Dkt. No. 88 ¶ 2 (Defendants prepared Exhibit 1 "in preparation for SayGames' original motion to dismiss in March 2020"). This is new evidence is improper and Exhibits 1 and 2 should be rejected by the Court on this basis. *See, e.g.*, *Willner v. Manpower Inc.*, No. 11-CV-02846-JST, 2013 WL 3339443, at *3 (N.D. Cal. July 1, 2013) (disregarding new facts and argument based on them submitted in reply).

Second, Good Job Games objects to these exhibits because they were not properly provided to Good Job Games.

Defendants did not provide Exhibit 1 to Good Job Games at all. *See* Dkt. No. 88 ¶ 5 (Defendant is "unable to provide GJG with a duplicate copy of the Original iPhone"). Although Defendants attempt to shift the blame onto Good Job Games by noting that *Crazy Jump 3D* is no longer available after they filed their motion, Defendants do not explain why they did not prepare a service copy of the iPhone for Good Job Games when they prepared the exhibit in 2020 or when they filed their original motion. *See* Dkt. No. 88 ¶ 2. But no matter Defendants' excuse, there is no dispute that they did not serve a copy of Exhibit 1 on Good Job Games. The Court should therefore disregard this improper *ex parte* communication.

Defendants did not send Exhibit 2 to Good Job Games when they filed their Reply with the Court on August 10. Rather, Defendants waited until August 12 to mail it to Good Job Games' counsel, and the exhibit did not arrive until August 15. *See* Apple Decl. ¶¶ 2–3 and Exs. 1 and 2.

Third, though Good Job Games has not had an opportunity to review Defendants' newly-submitted reply evidence, based on representation by Defendants' counsel, the new evidence appears to conflict with the detailed allegations in Good Job Games' Amended Complaint, which included screenshots of the accused game. *See* Dkt Nos. 66-1 and 71 ¶ 57. To the extent that Defendants claim the reply evidence shows versions of their infringing game that differ from those screenshots to argue that Good Job Games' claim should be dismissed "with respect to any version of *Cannon Shot!* after November 15, 2019," the evidence is irrelevant because Rule 12(b)(6) does not authorize partial dismissal of a claim. *See* Dkt. No. 87 at 10; *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs. LLC*, No. 18-CV-03412-BLF, 2019 WL 4040070, at *4 (N.D. Cal. Aug. 26, 2019) (collecting authority holding that "Rule 12(b)(6) may not be used to seek partial dismissal of a claim"). The Court should also disregard the new evidence on this basis.

Dated: August 17, 2022                        Respectfully submitted,

                                              */s/ Sean Apple*
                                              Sean Apple

                                              Attorneys for Plaintiff
                                              Good Job Games Bilism Yazilim Ve
                                              Pazarlama A.S.